## ATTACHMENT B

### I. Items to Be Seized

#### A. Evidence, Fruits, and Instrumentalities of the Subject Offense

The items to be seized from the Subject Premises are the following evidence, fruits, and/or instrumentalities of violations of Title 18, United States Code, Sections 2251 (production of child pornography), 2252(a)(2) & 2252A(a)(2) (receipt of child pornography), and 2252(a)(4) & 2252A(a)(5) (possession of child pornography) (the "Subject Offense"):

1. Computer devices, storage media, cellular telephones, and related electronic equipment used to access, transmit, or store information relating to the Subject Offense;

2. Evidence of counter-forensic programs (and associated data) that are designed to eliminate data from computer devices, storage media, and related electronic equipment;

3. Books and magazines containing visual or written depictions of minors engaged in sexually explicit conduct as defined in 18 U.S.C. § 2256(2);

4. Originals, copies, and negatives of visual or written depictions of minors engaged in sexually explicit conduct, as defined in 18 U.S.C. § 2256(2);

5. Motion pictures, films, videos, and other recordings of visual or written depictions of minors engaged in sexually explicit conduct, as defined in 18 U.S.C. § 2256(2);

6. Correspondence and records pertaining to violation of the Subject Offense including, but not limited to envelopes, letters, mailings, electronic mail, chat logs, electronic messages, books, ledgers, and records bearing on the production, reproduction, receipt, shipment, orders, requests, trades, purchases, or transactions involving any visual depiction of minors engaged in sexually explicit conduct, as defined in 18 U.S.C. § 2256(2);

7. Records evidencing occupancy or ownership of the Subject Premises, including, but not limited to, rental or lease agreements, mortgage documents, rental or lease payments, utility and telephone bills, mail envelopes, or addressed correspondence;

8. Records or other items which evidence ownership, control, or use of, or access to computer devices, storage media, and related electronic equipment used to access, transmit, or store information relating to the Subject Offense, including but not limited to sales receipts, warranties, bills for internet access, handwritten notes, registry entries, configuration files, saved usernames and passwords, user profiles, email contacts, and photographs.

9. Information or correspondence pertaining to affiliation with any child exploitation bulletin boards, chat forums, or organizations;

10. Any child pornography as defined by 18 U.S.C. § 2256(8);

11. Any child erotica, defined as suggestive visual depictions of nude minors which do not constitute child pornography as defined by 18 U.S.C. § 2256(8) or visual depictions of minors engaged in sexually explicit conduct as defined by 18 U.S.C. § 2256(2);

12. Notes, documents, records, invoices, or correspondence, in any format and medium, including, but not limited to, envelopes, letters, papers, e-mail messages, chat logs and electronic messages, other digital data files and web cache information, and handwritten notes, related to the possession, distribution, receipt, or production of, or access with intent to view, child pornography as defined in 18 U.S.C. § 2256(8), or visual depictions of minors engaged in sexually explicit conduct as defined in 18 U.S.C. § 2256(2);

13. Diaries, address books, notebooks, names, and lists of names and addresses of individuals (including minors) related to the possession, distribution, receipt, or production of, or access with intent to view, child pornography as defined in 18 U.S.C. § 2256(8), or visual depictions of minors engaged in sexually explicit conduct as defined in 18 U.S.C. § 2256(2);

14. Mailing lists, supplier lists, and mailing address labels related to the possession, distribution, receipt, or production of, or access with intent to view, child pornography as defined in 18 U.S.C. § 2256(8), or visual depictions of minors engaged in sexually explicit conduct as defined in 18 U.S.C. § 2256(2); and

15. Financial records, including credit card information, bills, and payment records related to related to the possession, distribution, receipt, or production of, or access with intent to view, child pornography as defined in 18 U.S.C. § 2256(8), or visual depictions of minors engaged in sexually explicit conduct as defined in 18 U.S.C. § 2256(2).

**B. Search and Seizure of Electronically Stored Information**

The items to be seized from the Subject Premises include any computer devices, storage media, and related electronic equipment that may contain or constitute fruits, evidence, and/or instrumentalities of the Subject Offense falling within the categories set forth in Section I.A above. In lieu of seizing any such computer devices, storage media, and related electronic equipment, this warrant also authorizes their copying for later review.

To facilitate this review, the items to be seized from the Subject Premises also include:

1. Any items or records needed to access the data stored on any seized or copied computer devices, storage media, and related electronic equipment, including but not limited to any physical keys, encryption devices, or records of login credentials, passwords, private encryption keys, or similar information.

2. Any items or records that may facilitate a forensic examination of any seized or copied computer devices, storage media, and related electronic equipment, including but not limited to any hardware or software manuals or other information concerning the configuration of the seized or copied computer devices or storage media.

3.  Any records or other items which evidence ownership, control, or use of, or access to any seized or copied computer devices, storage media, and related electronic equipment, including but not limited to sales receipts, warranties, bills for internet access, handwritten notes, registry entries, configuration files, saved usernames and passwords, user profiles, email contacts, and photographs.

Any materials seized under this Section II.B that are later determined not to contain or constitute fruits, evidence, and/or instrumentalities of the Subject Offense falling within the categories set forth in Section II.A above will be returned to the Subject Premises within 60 days of their seizure.

### C. Use of Fingerprints and Face

During the execution of this search warrant, law enforcement personnel are authorized to press the fingers (including thumbs) of COOLIDGE to the fingerprint sensor of any smartphones seized in connection with this warrant for the purpose of attempting to unlock the devices in order to search the contents as authorized by this warrant. During the execution of this search warrant, law enforcement personnel are authorized to have COOLIDGE remain still and look, with eyes open, at the camera of any smartphones seized in connection with this warrant for the purpose of attempting to unlock the devices in order to search the contents as authorized by this warrant.